IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DYNAJAH GREENE** : | |
| **356 WARREN STREET** : | **CIVIL ACTION** |
| **PHILLIPSBURG, NJ 08865** : | |
|     **AND** : | |
| **CARRIE STEPNEY** : | |
| **454 PURSEL STREET** : | |
| **PHILLIPSBURG, NJ 08865,** : | |
|       **Plaintiffs** : | |
| : | |
| VS. : | **JURY TRIAL DEMANDED** |
| : | |
| **POLICE OFFICER WILLIAM LANCE** : | |
| **BADGE NUMBER 305** : | |
| **120 FILMORE STREET** : | **NO.** |
| **PHILLIPSBURG, NJ 08865** : | |
|     **AND** : | |
| **CHIEF OF POLICE ROBERT STETTNER** : | |
| **BADGE NUMBER 288** : | |
| **120 FILMORE STEET** : | |
| **PHILLIPSBURG, NJ 08865** : | |
|     **AND** : | |
| **TOWN OF PHILLIPSBURG** : | |
| **120 FILMORE STEET** : | |
| **PHILLIPSBURG, NJ 08865,** : | |
|       **Defendants** : | |
| : | |

## COMPLAINT

1. Plaintiffs bring this action for damages pursuant to 42 U.S.C. § 1983 and the Fourth Amendment, as encompassed and applied to the states through the Fourteenth Amendment of the United States Constitution.

### I.    JURISDICTION AND VENUE

2. The court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. § 1331 and § 1343 and jurisdiction over the State Law Claims pursuant to the principals of pendant and ancillary jurisdiction.

3. Venue is proper under 28 U.S.C. § 1391(b) because the causes of action upon which this complaint is based arose in Warren County, New Jersey.

## II.   PARTIES

4. Plaintiff, Dynajah Green, is an adult citizen of the State of New Jersey, residing at 356 Warrant Street, Phillipsburg, New Jersey 08865.

5. Plaintiff, Carrie Stepney, is an adult citizen of the State of New Jersey, residing at 454 Pursel Street, Phillipsburg, New Jersey 08865.

6. Defendants, Police Officer William Lance and Chief of Police Robert Stettner, were at all material times employed as police officers by the defendant, Town of Phillipsburg, and are being sued both individually, and in their official capacity as officers, agents and/or employees of the Town of Phillipsburg.

7. Defendant, Town of Phillipsburg, is an entity organized and existing under the laws of the State of New Jersey, which maintains a central office and/or principal place of business located as captioned.

8. At all material times, Defendant, Town of Philipsburg, was charged with the responsibility of testing, hiring, training, disciplining and supervising members of the Town of Phillipsburg Police Department, including in particular, the individual Defendant, Police Officer William Lance.

9. At all material times, the Defendants Police Officer William Lance and Chief of Police Robert Stettner, acted within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and/or practices of the Town of Phillipsburg Police Department and the Defendant, Town of Phillipsburg.

### III.    FACTUAL AVERMENTS

10. In August of 2019, in the afternoon, the plaintiff, Dynajah Green, was at the Wawa on Roseberry Street, with her friend Angelica Karry, when Defendant, Police Officer William Lance placed the Plaintiff's (Dynajah Green) hand on his erect penis. Police Officer William Lance then stated "do you like what you feel?" Plaintiff yanked her hand back and screamed at Defendant, Police Officer William Lance, who was still in his full police uniform and in a marked police car.

11. Angelica Karry, Plaintiff's friend, questioned why Dynajah Green's hand was in Officer Lance's car; then Plaintiff Dynajah Green explained to her what had just occurred.

12. Prior to this incident and even after this incident Defendant, Police Officer Lance, would always harass the Plaintiff as he would often wink at her, would blow kisses at her and would sexually harass her while in uniform, he would even reach out to her via cellular communication.

13. In July of 2021, The Plaintiff, Dynajah Green, posted on Facebook that Police Officer William Lance is a Perv. A number of woman commented on the thread with regards to their own story in regards to their interaction with Defendant, Police Officer William Lance.

14. The Plaintiff was contacted by Warren County Prosecutor's Office, where she submitted to an interview with the County Detectives Special Victim's Unit and subsequently Police Officer William Lance was charged criminally with sexual misconduct and related offenses.

15. Prior to this incident, Defendant, Police Officer William Lance, had subjected the Plaintiff to grooming behavior which allowed the Plaintiff to believe that the Defendant, Police Officer William Lance, was someone she could trust.

16. On or about March 1, 2020, the Plaintiff, Carrie Stepney, was inside the Wawa on Roseberry Street, with her children when all of a sudden Defendant, Police Officer William Lance, touched her buttocks then lifted her up and kissed her while in uniform; this was unwanted and non-consensual sexual contact.

17. Plaintiff, Carrie Stepney, was threatened to remain silent by Defendant, Police Officer William Lance.

18. As a direct and proximate result of the above, the Plaintiffs, Dynajah Green and Carrie Stepney, suffered personal injuries including, but not limited to chronic-post stress disorder, depression, intrusive thoughts, self-injurious behavior, humiliation, embarrassment, self-blame, shame, anguish, fear, insomnia, nightmares, loss of enjoyment of life's pleasures and he will have to expend substantial monies for their medical and psychological care for an indefinite time into the future.

## COUNT I - 42 U.S.C. § 1983
## HARRASMENT, ASSAULT & BATTERY
## PLAINTIFFS V. POLICE OFFICER WILLIAM LANCE

19. All preceding paragraphs are fully incorporated herein by reference.

20. As aforesaid, the Defendant, Police Officer William Lance (Badge Number 305), acting within the course and scope of his employment, under the color of state law, and pursuant to the customs, policies and/or practices of defendant, Town of Phillipsburg, and the Phillipsburg Police Department, did intentionally and maliciously subject the plaintiff to sexual harassment and unwanted sexual contact, without consent nor any cause or

justification and thereby deprived the plaintiff of their rights, privileges and immunities under the Constitution of the United States and the laws of the State of New Jersey and the United States; in particular, the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

21. As aforesaid, the Defendant, Police Officer William Lance (Badge Number 305), was acting within the course and scope of his employment, under the color of state law, and pursuant to the customs, policies and/or practices of the Town of Phillipsburg Police Department, intentionally and maliciously used his position of authority to illegally assault the plaintiff without due process, by the above described actions, all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States.

22. As aforesaid, Defendant, Police Officer William Lance (Badge Number 305), acting within the course and scope of his employment, under the color of state law, and pursuant to the customs, policies and/or practices of defendant, Town of Phillipsburg Police Department, and the town of Phillipsburg has been deliberately indifferent to the rights of citizens, including the Plaintiffs, to be free from unlawful contact, which deliberate indifference violated the Plaintiffs' rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws of the United States.

23. As a direct and proximate result of the malicious and intentional and reckless actions of Defendant, Police Officer William Lance (Badge Number 305), the Plaintiffs suffered injuries as more fully described above.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983 and 1988, the Plaintiff demands compensatory and punitive damages against Defendant, Police Officer William Lance (Badge Number 305), in an amount to fairly and adequately compensate the Plaintiffs, in addition to interest, costs, attorney's fees and delay damages.

**COUNT II- 42 U.S.C. § 1983**
**SUPERVISOR LIABILITY**
**PLAINTIFFS V. POLICE CHIEF ROBERT STETTNER**

24. All preceding paragraphs are fully incorporated herein by reference.

25. Defendant, Police Chief Robert Stettner was aware of the numerous acts and complaints of sexual harassment towards citizens by Police Officer William Lance.

26. Defendants, Police Chief Robert Stettner, had a constitutional and/or statutory duty to intervene due to those prior acts and citizen complaints in regards to harassment by Police Officer William Lance and his failure to do so resulted in the violation of the Plaintiffs constitutional and statutory rights.

27. Upon information and belief, the Defendant, Police Chief Robert Stettner, knew that the Plaintiffs constitutional rights were being violated, and despite such awareness, failed to intervene.

28. Furthermore, the Defendant, Police Chief Robert Stettner, had a realistic opportunity to intervene to prevent and/or limit the violation of the Plaintiffs' rights, but they refused and/or failed to do so.

29. As a direct and proximate result of the actions of the Defendant, the Plaintiffs suffered injuries as more fully described above.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983 and 1988, Plaintiffs demand compensatory and punitive damages against Defendant, Police Chief Robert Stettner (Badge Number 288), in an amount to fairly and adequately compensate the Plaintiffs , in addition to interest, costs, attorney's fees and delay damages.

<u>**COUNT III - 42 U.S.C. § 1983**</u>
<u>**CONSPIRACY**</u>
<u>**PLAINTIFFS V. POLICE CHIEF ROBERT STETTNER AND**</u>
<u>**POLICE OFFICER WILLIAM LANCE**</u>

30. All preceding paragraphs are fully incorporated herein by reference.

31. Plaintiff believes and therefore avers that the Defendants, Police Chief Robert Stettner (Badge Number 288) and Police Officer William Lance (Badge Number 305), entered into a conspiracy to subject the Plaintiffs to unwanted sexual contact and to deny their constitutional rights under the Constitution of the United States and the laws of the United States.

32. As aforesaid, the Defendants, Police Chief Robert Stettner (Badge Number 288) and Police Officer William Lance (Badge Number 305)  performed overt acts in furtherance of the conspiracy.

33. The conspiracy directly and proximately resulted in harm to the Plaintiffs, including the deprivation of their rights and privileges under the Constitution of the United States and the laws of the United States.

34. Plaintiffs believes and therefore avers, that the Defendants, Police Chief Robert Stettner (Badge Number 288) and Police Officer William Lance (Badge Number 305), acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and/or practices of the Town of Phillipsburg Police Department

and/or Defendant, Town of Phillipsburg, provided intentional as well as unintentional support to the conspiracy to deprive the Plaintiffs, of their his rights and privileges under the Constitution of the United States and the laws of the United States.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983 and 1988, Plaintiffs demand compensatory against Defendants, Police Chief Robert Stettner (Badge Number 288) and Police Officer William Lance (Badge Number 305), jointly and/or severally, in an amount to fairly and adequately compensate the Plaintiffs and in addition to interest, costs, attorney's fees and delay damages.

<u>**COUNT IV- 42 U.S.C. § 1983**</u>
<u>**MONELL CLAIM**</u>
<u>**PLAINTIFFS v. TOWN OF PHILLIPSBURG**</u>

35. All preceding paragraphs are fully incorporated herein by reference.

36. The Plaintiffs believe and therefore aver that the Defendant, Town of Phillipsburg, has maintained for many years a recognized and accepted policies, customs and/or practice of condoning and/or acquiescing in the violating of constitutional rights of citizens, including, but not limited to, a custom and/or practice of failing to fully investigate and/or assess a situations and citizen complaints without regard to their rights or responsibilities as individuals, in subjecting individuals to harassment and unwanted sexual contact which policies, customs and/or practices is in violation of the United States Constitution.

37. The Plaintiffs believes and therefore avers that the Defendant, Town of Phillipsburg, has adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, supervise and discipline its police officers and, including the individual defendant, Officer William Lance (badge 305) regarding the appropriate procedures for protecting the constitutional rights of individuals such as the

Plaintiffs to be free from sexual misconduct which policy, custom or practice violates the Fourteenth Amendments of the Constitution of the United States and the laws of the United States and the Commonwealth of Pennsylvania.

38. Upon information and belief, the Defendant, Town of Phillipsburg, has been aware of the aforesaid policies, customs and/or practices of the Phillipsburg Police Department for a substantial period of time and despite knowledge of the illegal policies, customs and/or practices as described above by the supervisory and policy making officers and officials, the Defendant failed to take steps to terminate said policies, customs and/or practices; have not disciplined or otherwise properly supervised the defendant police officers who engaged in said practices; have not effectively trained police officers with regard to the proper constitutional and statutory limits in the exercise of their authority and instead have sanctioned the policies, customs and/or practices described above.

39. By failing to take action to stop or limit the policies, customs and/or practices and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policies, customs and/or practices, the defendant, Town of Phillipsburg, effectively condoned, acquiesced in, participated in, and perpetrated the policies in violation of the Plaintiffs rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Laws of the United States and of the State of New Jersey.

**WHEREFORE,** Plaintiffs demand compensatory damages against defendant, Town of Phillipsburg, in an amount to fairly and adequately compensate the Plaintiffs, plus interest, costs, attorney's fees and delay damages.

## COUNT V- SUPPLEMENTAL STATE CLAIMS

40. Plaintiffs incorporates by reference paragraphs 1-51 of the instant Complaint.

41. The acts and conduct of the individual defendant Police Officer William Lance in this cause of action constitute sexual misconduct, sexual assault, sexual battery, negligent and intentional infliction of emotional distress under the laws of the state of New Jersey, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

## COUNT VI-SEXUAL HARASSMENT AND GENDER DISCRIMINATION UNDER THE NEW JERSEY LAW AGAINST DISCRIMINATION

42. Plaintiffs hereby repeat and reallege all preceding paragraphs as though fully set forth herein.

43. A determinative and/or motivating cause in Defendants' actions and or inactions was the female gender of Plaintiffs.

44. Members of the upper management of Defendant, Town of Phillipsburg had actual participation in, or willful indifference to, Defendants' wrongful conduct described herein, which warrants the imposition of punitive damages against Defendants.

45. Plaintiffs are now suffering and will continue to suffer irreparable injury and monetary damages as a result of all Defendants' discriminatory acts unless and until this Court grants their relief requested herein.

46. The conduct of Defendants, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages against Defendants.

47. Defendants, had actual knowledge of the gender discrimination and sexual harrasment encouraged by the Defendants to which Plaintiffs were subjected

48. Defendants failed to take remedial measures to stop the harassment to which the Plaintiffs were subjected.

49. Defendants engaged in a pattern of harassment and discrimination when they repeatedly allowed female citizens of Phillipsburg to be subject to the Conduct of Police Officer William Lance.

50. Upon information and belief, Defendants are responsible for the harassment suffered by Plaintiffs because they failed to reasonably promulgate a policy, which promulgation would have included informing individuals in the position of Plaintiffs about their rights so that Plaintiffs would have complained immediately upon experiencing the first incident of sexual harassment.

51. Defendant Town of Phillipsburg lacked mandatory anti-harassment trainings and policies which it enforced unequivocally.

52. No effective or adequate sensing or monitoring mechanisms existed to check the trustworthiness of Defendant Borough's complaint structure.

53. Defendant, Town of Phillipsburg's management was not unequivocally committed, from the top down, that harassment would not be tolerated.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, costs, attorneys' fees, enhanced attorneys' fees and any other relief the Court deems equitable and just.

Respectfully submitted,

STAMPONE O'BRIEN DILSHEIMER LAW

BY: _/s/Kevin P. O'Brien_
     KEVIN P. OBRIEN, ESQUIRE
     Attorney for Plaintiff
     500 Cottman Avenue
     Cheltenham, PA  19012
     (215) 663-0400
     kobrien@stamponelaw.com